# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-1359

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Northern District of Iowa. |
| George Corbett, also | * | |
| known as Little G, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: October 5, 2010
Filed: October 20, 2010

_____

Before BYE, BOWMAN, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

Pursuant to a written plea agreement, George Corbett pleaded guilty to conspiring to distribute 50 grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846 (Count 1); and to a related conspiracy offense involving the proceeds from the distribution of cocaine base, in violation of 18 U.S.C. § 1956(a)(1)(A)(i) (Count 4). The district court[1] sentenced Corbett within the calculated advisory Guidelines range to concurrent imprisonment terms of 360 months

_____

[1]The Honorable Linda R. Reade, Chief Judge, United States District Court for the Northern District of Iowa.

on Count 1 and 240 months on Count 4, and concurrent supervised release terms of 5 years on Count 1 and 3 years on Count 4. On appeal, Corbett's counsel has moved for leave to withdraw and has filed a brief under Anders v. California, 386 U.S. 738 (1967), raising as potential issues whether the district court erred in denying counsel's two motions to withdraw, in accepting Corbett's guilty plea, or in sentencing Corbett. Corbett has filed a pro se supplemental brief asserting that the government knowingly presented false witness testimony at the sentencing hearing, and that the district court committed certain sentencing errors.

We review for plain error the district court's denials of counsel's motions to withdraw and the court's acceptance of Corbett's guilty plea, see United States v. Pirani, 406 F.3d 543, 549-50 (8th Cir. 2005) (en banc) (errors not properly preserved are reviewed only for plain error; describing plain-error review standard), and we find none. We further conclude that the district court did not commit any procedural error at sentencing, or impose a substantively unreasonable sentence. See United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (en banc) (standards for reviewing sentence); United States v. Saddler, 538 F.3d 879, 890 (8th Cir. 2008) (describing circumstances where district court abuses its discretion and imposes unreasonable sentence); see also United States v. Davis, 583 F.3d 1081, 1099 (8th Cir. 2009) (while district court has power to vary from advisory guidelines based on disparity between recommended sentences for cocaine base and powder cocaine, court was not required to do so), cert. denied, 130 S. Ct. 1555 (2010). We also reject Corbett's remaining argument regarding the sentencing hearing. See United States v. Martin, 59 F.3d 767, 770 (8th Cir. 1995) (challenge to evidence through prior inconsistent statement is insufficient to establish prosecutorial use of false testimony).

Finally, having reviewed the record independently under Penson v. Ohio, 488 U.S. 75, 80 (1988), we find no nonfrivolous issue for appeal. Accordingly, we grant counsel's motion to withdraw, and we affirm the judgment of the district court.

_____